THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:03-CV-32-FL(3)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **MEMORANDUM & RECOMMENDATION** |
| CONVALESCENT TRANSPORT, INC., BRIAN CONNER, KELLI ANDERSON, | ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on the government's Motion for Summary Judgment and to Lift Stay of the United States. [DE-35]. Defendant Brian Conner has responded. [DE-39]. Accordingly, this matter is ripe for review.

## STATEMENT OF THE CASE

The case before the court is a civil action, originally filed by the government in February 2003, seeking to recover from Defendants statutory damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-33. The government asserts that it is entitled to the damages and civil penalties because Defendants submitted false or fraudulent claims to Medicare and Medicaid. Concurrent with the civil action, Defendants were also facing criminal charges for their fraudulent conduct. The court entered an order on March 30, 2004, staying the civil action, pending the outcome of the criminal cases.

In May 2006, Defendants were convicted in separate criminal trials for committing health care fraud, the same action that underlies the current civil action. See United States v. Convalescent Transport, Inc., No. 4:04CR00027-001 (E.D.N.C. May 3, 2006); United

1

States v. Brian Conner, No. 4:04CR000027-002 (E.D.N.C. May 3, 2006). Plaintiff requests that the court lift the stay and grant it summary judgment based on the preceding criminal convictions.

**STANDARD OF REVIEW**

Summary judgment is appropriate when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that could affect the outcome of the proceedings. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute as to a material fact occurs if there is sufficient evidence from which a reasonable jury could return a verdict for the nonmoving party. Id. The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp., v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Nonetheless, even if summary judgment of an entire claim is not warranted, Federal Rule of Civil Procedure 56(d) allows a court to grant partial summary judgment, thereby reducing the number of facts at issue in a trial.

**DISCUSSION**

A. Collateral Esoppel

The court must determine whether the doctrine of collateral estoppel precludes

2

Defendants from denying their liability for civil damages and statutory penalties under the False Claims Act. A prior criminal conviction may work an estoppel in favor of the government in some False Claim Act cases. See United States v. Wight, 839 F.2d 193, 195 (4th Cir. 1988). Under the False Claims Act, a defendant convicted of a crime may not deny the essential elements of the offense in a subsequent civil action:

> Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendre, shall estop the defendant from denying the essential elements of the same offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

31 U.S.C. § 3729(a) (emphasis added). In order for the prior criminal conviction to be given collateral estoppel effect in a civil case, the issues must have been distinctly put to the jury and directly determined in the prior criminal trial. See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569 (1951); Ridley v. Leavitt, 631 F.2d 358, 359 (4th Cir. 1980). In order to determine what, exactly, the jury decided by the criminal judgment, a court may consider the prior judgment, pleadings, evidence submitted and instructions which allowed the jury to reach its verdict. Emich Motors Corp, 340 U.S. at 569.

In the current civil action, the government has charged Defendants with two causes of action under the False Claims Act, (1) submission of false claims under 31 U.S.C. § 3729(a)(1); and (2) false statements to get a claim paid under 31 U.S.C. § 3729(a)(2). A violation of 31 U.S.C. § 3729(a)(1), imposes liability on any person who "knowingly presents or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." A violation of 31

3

U.S.C. § 3729(a)(2), similarly imposes liability on any person who "knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." In summarizing the statute, the Fourth Circuit has enumerated four criteria that the government must establish to sustain a cause of action under the False Claims Act: (1) "a false statement or fraudulent course of conduct"; (2) with the requisite intent—knowing the claims were false or fraudulent; (3) for the payment of money; (4) that the court finds to be material. <u>United States ex. Rel. Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 788 (4th Cir. 1999).

By contrast, the essential elements of criminal health care fraud under 18 U.S.C. § 1347, for which both Defendants were found guilty, is (1) a scheme or artifice to defraud or to obtain by false or fraudulent pretenses; (2) with the requisite intent—knowing and willful execution or attempted execution of the scheme; (3) for the payment of money; (4) from a health care benefit program. The jury, in finding Defendants guilty of hundreds of counts of criminal health care fraud, were specifically instructed to consider whether Defendants <u>"knowingly and willfully</u> executed, or attempted to execute a scheme or artifice (a) to <u>defraud</u> a health care benefit program, or (b) to obtain by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program." Jury Instruction No. 27.

The elements of criminal health care fraud and a False Claims Act violation are not exactly the same. The False Claims Act requires that a fraudulent claim be filed and that it be material. This is in contrast to a conviction of health care fraud, which requires only fraud. Nonetheless, by examining the prior judgment, indictment, and evidence submitted

4

at the criminal trial, it is clear that the jury considered all of the essential elements necessary for liability to attach for a False Claims Act violation. Emich Motors Corp, 340 U.S. at 569.

First, the jury concluded that Defendants engaged in a fraudulent course of conduct. The indictment alleges, and the evidence at trial showed that Defendants presented false claims for ambulance transportation in order to receive reimbursement from Medicare and Medicaid. Superceding Indictment, ¶ 16, 4:04CR000027. The jury's verdict, finding Defendants guilty of 343 counts of criminal health care fraud necessarily was based on Defendants' submission of some number of false claims to the government, because the indictment and the evidence presented at trial showed that Defendants' fraudulent conduct consisted of creating and presenting false claims as well as records and bills. Moreover, the jury necessarily made a materiality determination, because a false statement is considered "material" if it "has a natural tendency to influence agency action or is capable of influencing agency action." Harrison, 176 F.3d at 785-86. Here, it is clear that they jury considered Defendants' fraudulent course of conduct material, because it found Defendants guilty of inducing Medicare and Medicaid to reimburse Defendants based on and in payment of false and fraudulent claims.

Accordingly, all of the elements necessary for liability to attach under the False Claims Act were presented to and decided by the jury in the criminal case, (1) the fraudulent conduct; (2) the necessary scienter, (3) payment by the government; and (4) materiality. In addition, the criminal conviction is a "final judgment" for purposes of collateral estoppel, even though Defendants have appealed their convictions. Indeed, Defendants must rely on the finality of the judgment in order to have standing to appeal

5

their convictions. See 28 U.S.C. § 1291. Accordingly, it is the opinion of the court that Defendants should be estopped from denying their liability in the current action.

### B. Damages

The government also asserts that damages can be conclusively determined at this stage of the proceedings. However, in the court's opinion, genuine issues of material fact remain with regard to the calculation of damages.

The government asserts that it is entitled to $5,243,027.44 in damages. Under the False Claims Act, defendants are "liable to the United States for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustained because of the act[s] of" the defendants. 31 U.S.C. § 3729(a).

The government arrives at its calculation by starting with the restitution amount that the court awarded based on the jury verdict of $604,342.48. The government then tripled the damages, or restitution amount, resulting in a sum of $1,813,027.44. Finally, the government requests that the court impose the maximum penalty of $10,000 for each of the 343 counts of fraud that the jury found that Defendants committed, or $3,430,000. When the treble damages are added to the penalties imposed for each count of fraud, the total is $5,243,027.44.

However, the court recommends that damages not be assessed at this time. Defendants were convicted of 343 health care fraud violations. Nonetheless, because the jury convicted Defendants of health care fraud, but did not specify the number of claims actually presented to the government, the court cannot conclusively determine the appropriate amount of civil damages. The court recognizes that integral to the government's case was the fact that Defendants presented false claims to Medicare and

6

Medicaid for reimbursement, which allows for collateral estoppel. However, the court cannot assess if all 343 counts of health care fraud were based on fraudulent claims presented to the government, or included other fraudulent behavior, such as bill and record preparation. See Miller v. United States, 550 F.2d 17 (U.S. Ct. Claims 1977) (holding that under the False Claims Act, that penalties should be imposed for each false claim submitted to the government for payment but that separate penalties should not be imposed based on the number of false invoices used to calculate a final consolidated billing).

## CONCLUSION

For the reasons set forth above, the court **RECOMMENDS** that the government's motion for summary judgment be **GRANTED** as to the issue of Defendant's liability but **DENIED** as to the issue of damages. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 28th day of February 2007.

DAVID W. DANIEL
United States Magistrate Judge